UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:13-cr-104-WTL-DKL |
| REGINALD T. WALTON and DAVID JOHNSON, | ) ) ) ) | -01 -03 |
| Defendants. | ) ) | |

## VERDICT FORM

### COUNT ONE: Honest Services Wire Fraud

With respect to Count One of the Superseding Indictment, which charges Defendant REGINALD WALTON of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about October 21, 2012, the transmission of an e-mail sent by Reginald Walton to Jay Foreman, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____     GUILTY __X__

With respect to Count One of the Superseding Indictment, which charges Defendant DAVID JOHNSON of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about October 21, 2012, the transmission of an e-mail sent by Reginald Walton to Jay Foreman, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY _____     GUILTY __X__

## COUNT TWO: Honest Services Wire Fraud

With respect to Count Two of the Superseding Indictment, which charges Defendant **REGINALD WALTON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 3, 2013, a communication via text message by Reginald Walton to John Hawkins, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____      GUILTY __X__

With respect to Count Two of the Superseding Indictment, which charges Defendant **DAVID JOHNSON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 3, 2013, a communication via text message by Reginald Walton to John Hawkins, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY _____      GUILTY __X__

## COUNT THREE: Honest Services Wire Fraud

With respect to Count Three of the Superseding Indictment, which charges Defendant **REGINALD WALTON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 3, 2013, a communication via cellular telephone between Reginald Walton and Aaron Reed, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____      GUILTY __X__

With respect to Count Three of the Superseding Indictment, which charges Defendant **DAVID JOHNSON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 3, 2013, a communication via cellular telephone between Reginald Walton and Aaron Reed, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY _____      GUILTY __X__

### COUNT FOUR:  Honest Services Wire Fraud

With respect to Count Four of the Superseding Indictment, which charges Defendant **REGINALD WALTON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 1, 2013, the depositing of a check by Randall Sargent, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____     GUILTY __X__

With respect to Count Four of the Superseding Indictment, which charges Defendant **DAVID JOHNSON** of devising a scheme intended to deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of Reginald Walton and John Hawkins through bribery and kickbacks, which included, on or about April 1, 2013, the depositing of a check by Randall Sargent, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY __X__     GUILTY _____

### COUNT FIVE:  Wire Fraud

With respect to Count Five of the Superseding Indictment, which charges Defendant **REGINALD WALTON** and **DAVID JOHNSON** of devising a scheme and artifice to defraud by using Walton's official position to enrich themselves by corruptly inflating the price of real estate sold by the Land Bank to victims of a separate real estate fraud and dividing the proceeds among each other, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____     GUILTY __X__

With respect to Count Five of the Superseding Indictment, which charges Defendant **REGINALD WALTON** and **DAVID JOHNSON** of devising a scheme and artifice to defraud by using Walton's official position to enrich themselves by corruptly inflating the price of real estate sold by the Land Bank to victims of a separate real estate fraud and dividing the proceeds among each other, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY _____     GUILTY __X__

## COUNT SIX:  Bribery

With respect to Count Six of the Superseding Indictment, which charges Defendant **REGINALD WALTON** with corruptly accepting $500 from Jay Foreman to influence and reward Walton's use of his official position to cause the transfer of at least ten parcels of real estate from the City of Indianapolis to Jay Foreman, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY __X__          GUILTY _____

## COUNT EIGHT:  Bribery

With respect to Count Eight of the Superseding Indictment, which charges Defendant **REGINALD WALTON** with corruptly accepting approximately $7,500 from Aaron Reed to influence and reward Walton's use of his official position to cause the transfer of real estate located at 3959 Carrolton Avenue, Indianapolis, Indiana, from the City of Indianapolis to IMAC and then to a for-profit entity which paid approximately $17,500 for the real estate, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____          GUILTY __X__

## COUNT TEN:  Bribery

With respect to Count Ten of the Superseding Indictment, which charges Defendant **REGINALD WALTON** with corruptly accepting an unknown amount of money from Randall Sargent to influence and reward Walton's use of his official position to cause the transfer of five parcels of land to New Day Residential Development, Inc. for approximately $12,500, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____          GUILTY __X__

**COUNT ELEVEN: Conspiracy to Engage in Monetary Transactions in Property Derived from Unlawful Activity**

With respect to Count Eleven of the Superseding Indictment, which charges Defendants REGINALD WALTON and DAVID JOHNSON with knowingly conspiring together to transfer $14,000 to Aaron Reed from the proceeds of the unlawful activity described in Counts One through Four of the Superseding Indictment, we, the jury, find Defendant **REGINALD WALTON**:

NOT GUILTY _____     GUILTY \_\_X\_\_\_\_

With respect to Count Eleven of the Superseding Indictment, which charges Defendants REGINALD WALTON and DAVID JOHNSON with knowingly conspiring together to transfer $14,000 to Aaron Reed from the proceeds of the unlawful activity described in Counts One through Four of the Superseding Indictment, we, the jury, find Defendant **DAVID JOHNSON**:

NOT GUILTY _____     GUILTY \_\_X\_\_\_\_


[signature redacted]                           3/18/15
FOREPERSON                                     DATE